IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIN SCOLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-719-K-BN |
| | § | |
| JUSTIN COX, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Erin Scoles paid the fee to file a *pro se* civil complaint under 42 U.S.C.

§ 1983 concerning an allegedly wrongful arrest in October 2024 and subsequent

related proceedings. *See* Dkt. No. 3. United States District Judge Ed Kinkeade

referred Scoles's lawsuit to the undersigned United States magistrate judge for

pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And,

as the Court explained though an order entered on April 7, 2025,

> Scoles's paying the statutory filing fee triggered the obligation to (1)
> properly serve each defendant with a summons and the complaint in
> compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver
> of service from each defendant. *See generally* FED. R. CIV. P. 4 (setting
> forth procedures for serving various types of defendants and regarding
> waiver of service).
>
> And, as to each defendant, Scoles must file with the Court, as
> applicable, a proof of service in accordance with Rule 4(*l*) or an executed
> waiver of service.
>
> The Court further advises Scoles that, if proper service is not
> made and shown to the Court through a filed proof of service (or a waiver
> of service obtained and filed with the Court) before the 90th day after the
> filing of this action (which was on March 25, 2025) that is not a
> Saturday, Sunday, or legal holiday – which will be **June 23, 2025** – this
> case is subject to dismissal without prejudice unless Scoles shows both
> (1) good cause for this failure and (2) good cause for the Court to extend

the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Dkt. No. 4 at 1-2.

While Scoles filed her one amended complaint as a matter of course on June 16, 2025, *see* Dkt. No. 11; FED. R. CIV. P. 15(a)(1), Scoles has failed to show any attempt to serve either complaint, and the deadline by which to serve defendants first named in the original complaint – or move for an extension of time to do so – has passed.

> [T]he [90]-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. This construction of the rule prevents the plaintiff from repeatedly filing amended complaints to extend the time for service indefinitely. In particular, if we read Rule 4(m) to refer to the most recently filed version of the complaint, regardless of whether the defendant to be served was newly added, dilatory plaintiffs could evade the rule's time deadline by taking advantage of the opportunity under Fed. R. Civ. P. 15(a) to amend the complaint once as of right before a responsive pleading is served; a plaintiff who had never bothered to serve any defendant could avoid altogether the original [90]-day deadline simply by filing an amended complaint when it felt like effecting service. Accordingly, we read "service ... upon a defendant within [90] days after the filing of the complaint," Rule 4(m), to refer to filing of the first version of the complaint naming the particular defendant to be served.

*Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148-49 (10th Cir. 2006) (cleaned up).

And, so, considering this record, the undersigned recommends that the Court dismiss this lawsuit without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

## Discussion

Rule 4(m) authorizes a district court to, after providing notice, dismiss a case

*sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012).

While "[a] *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)," *Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)), "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules," *id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

That is, "a litigant's *pro se* status does not excuse failure to effect proper service," *Zellmar v. Ricks*, No. 6:17cv386, 2021 WL 805154, at *2 (E.D. Tex. Feb. 2, 2021) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)), *rec. adopted*, 2021 WL 796133 (E.D. Tex. Mar. 2, 2021), as "[t]he party effecting service has the burden of showing the validity of service," *Walker v. Forte*, No. 5:19cv158, 2021 WL 6930957, at *1 (E.D. Tex. Nov. 9, 2021) (citing *Sys. Signs Supplies*, 903 F.2d at 1013; *Matter of Arbitration Between Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 298 (S.D. Tex. 1997), *op. adopted*, 161 F.3d 314 (5th Cir. 1998)), *rec. adopted*, 2022 WL 468031 (E.D. Tex. Feb. 15, 2022); *see also Savage v. Reliance Mortg. Corp.*, No. 6:17-cv-00053-RP-JCM, 2018 WL 4702535, at *3 (W.D. Tex. June 7, 2018) ("[T]he right of self-representation does not exempt a party from compliance with the relevant rules of civil procedure." (citing

*Kersh*, 851 F.2d at 1512)), *rec. accepted*, 2018 WL 4688785 (W.D. Tex. Aug. 27, 2018).

And "Rule 4 requires only that the court notify a claimant that dismissal is impending for lack of timely service." *Roberts v. U.S. Dep't of Army*, 275 F.3d 42, 2001 WL 1223674, at *1 (5th Cir. Sept. 26, 2001) (per curiam) (citing FED. R. CIV. P. 4(m)). The court need not also guide a plaintiff "on how to effect proper service." *Id.*

Here, the Court provided Scoles the required notice. *See* Dkt. No. 4. Yet, Scoles has failed to offer proof of any attempt at service in the time allowed by the relevant rules as to the original complaint and has failed to request an extension of time to do so. And, so, the Court should dismiss this lawsuit without prejudice under Rule 4(m).

This failure and the record here further support dismissal under Rule 41(b), which "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*

*Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)))); *see also Long*, 77 F.3d at 880 (a dismissal with

prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (per curiam) ("A dismissal with prejudice is improper unless the case history evidences both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice. A petitioner's delay meriting a Rule 41(b) dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity. A party's negligence does not make conduct contumacious; rather, it is the stubborn resistance to authority which justifies a dismissal with prejudice." (cleaned up)); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

Scoles's failure to comply with Rule 4(m) and the Court's order as to the service

obligations that Scoles undertook by paying the filing fee [Dkt. No. 4] warrants dismissal under Rule 41(b) without prejudice because Scoles has prevented this action from proceeding and has thus failed to prosecute this lawsuit.

And, so, because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Scoles decides to obey the Court's orders or otherwise properly effect service, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

It is not apparent based on the record here whether dismissal of this lawsuit without prejudice at this stage would effectively be a dismissal with prejudice.

But, insofar as this dismissal may somehow prejudice Scoles, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (as further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should dismiss this action without prejudice under, as applicable,

- 7 -

Federal Rules of Civil Procedure 4(m) and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 5, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE