IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIN SCOLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-719-K-BN |
| | § | |
| JUSTIN COX, ET AL., | § | |
| | § | |
| Defendants. | § | |

# SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On July 5, 2025, the undersigned United States magistrate judge entered findings of fact and conclusions of law recommending that the Court dismiss this lawsuit without prejudice under, as applicable, Federal Rules of Civil Procedure 4(m) and 41(b) because Plaintiff Erin Scoles, who paid the fee to file a *pro se* civil complaint under 42 U.S.C. § 1983 concerning an allegedly wrongful arrest in October 2024 and subsequent related proceedings [Dkt. No. 3] – and is not otherwise proceeding *in forma pauperis* ("IFP") – "has failed to offer proof of any attempt at service in the time allowed by the relevant rules as to the original complaint and has failed to request an extension of time to do so" [Dkt. No. 12] (the "FCR").

Scoles objected, arguing that her Rule 4(m) deadline to serve the defendants added to the amended complaint has yet to expire, and moved the Court under Federal Rule of Civil Procedure 4(c)(3) to order the United States Marshal (or "USM") to serve process. *See* Dkt. Nos. 13 & 14; FED. R. CIV. P. 4(c)(3) (providing that a district court "may order that service be made by a United States marshal or deputy marshal

or by a person specially appointed by the court" but requiring the court to do so "if the plaintiff is authorized to proceed *in forma pauperis*").

The undersigned supplements the FCR as follows:

Starting with Scoles's request as to service of process, as applicable where a plaintiff is not a seaman under 28 U.S.C. § 1916, obtaining the USM's assistance to serve a civil complaint is generally limited to plaintiffs who have been granted leave to proceed IFP and then only after the Court determines that the complaint (or aspects of it) survive judicial screening under 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009) (per curiam) ("Importantly, § 1915(e)(2) is phrased in mandatory rather than permissive terms."); *Aucoin v. Terrebonne Par. Sheriff's Office*, No. 21-30322, 2022 WL 16657429, at *2 (5th Cir. Nov. 3, 2022) (per curiam) ("[C]ontrary to Aucoin's arguments, the district court properly complied with the mandatory requirements of § 1915(e)(2) and § 1915A(b) by screening and dismissing the case without holding a hearing or ruling on Aucoin's motions.").

And, "[w]hile some courts have granted IFP status to plaintiffs who first paid the filing fee and then required service of process by the United States Marshal under [28 U.S.C. §] 1915(d) and Rule 4(c)(3), the plaintiffs in those cases first made 'showings ... sufficient to demonstrate that they are indigent.'" *Winegarten v. Hartz*, No. 3:17-cv-1507-L, 2017 WL 3773648, at *2 (N.D. Tex. July 27, 2017) (quoting *Rodriguez v. Trs. of Columbia Univ. in the City of N.Y.*, No. 03Civ.4072(RMB)(DF), 2004 WL 1087264, at *2 (S.D.N.Y. May 14, 2004)), *rec. accepted*, 2017 WL 3726990

(N.D. Tex. Aug. 30, 2017); *cf. Epley v. Luong*, No. 23-40038, 2023 WL 8595674, at *3 (5th Cir. Dec. 12, 2023) (per curiam) ("Nor did Epley's indigency justify his failure to serve. Epley was never authorized to proceed IFP and was thus not entitled to the benefits of IFP status." (citing *McGrew v. McQueen*, 415 F. App'x 592, 593-94 (5th Cir. 2011) (per curiam))).

And, considering a case in that context – where the filing fee was paid, but the plaintiff subsequently moved for leave to proceed IFP, to advance "his chances of effecting service" – the United States Court of Appeals for the Fifth Circuit has more recently reiterated that "a district court's determination of whether a party may proceed *in forma pauperis* must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *Bell v. Children's Prot. Servs.*, 506 F. App'x 327, 327-28 (5th Cir. 2013) (per curiam)).

But Scoles has so far not provided the Court a verified financial affidavit to evaluate, to determine any claim indigency that could justify granting IFP status after payment of the filing fee.

Nevertheless, even where a plaintiff is not proceeding IFP, "a court 'may' order that service be made by the USM at the plaintiff's request" under Rule 4(c)(3), but "the plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the USM, and courts should not order service by the USM unless really necessary." *Vela v. Christian*, No. 3:20-cv-990-C-BH, 2021 WL 101538, at *1 (N.D. Tex. Jan. 12, 2021) (cleaned up); *see also id.* ("Consistent with

congressional intent and the [Advisory Committee Note accompanying the 1983 amendment to Rule 4,] lower courts have found that a plaintiff must show that service was first attempted through the other means authorized by Rule 4 before seeking an order for service by the USM. The Court agrees with, and adopts, this approach." (collecting cases)); *White v. Townsend*, No. 6:22cv426, 2023 WL 9229115 (E.D. Tex. Jan. 13, 2023) (same).

As the FCR points out, the record before the Court reflects no efforts by Scoles – at all – to effect service. For example,

> [w]hile Scoles filed her one amended complaint as a matter of course on June 16, 2025, *see* Dkt. No. 11; FED. R. CIV. P. 15(a)(1), Scoles has failed to show any attempt to serve either complaint, and the deadline by which to serve defendants first named in the original complaint – or move for an extension of time to do so – has passed.
>> [T]he [90]-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. This construction of the rule prevents the plaintiff from repeatedly filing amended complaints to extend the time for service indefinitely. In particular, if we read Rule 4(m) to refer to the most recently filed version of the complaint, regardless of whether the defendant to be served was newly added, dilatory plaintiffs could evade the rule's time deadline by taking advantage of the opportunity under Fed. R. Civ. P. 15(a) to amend the complaint once as of right before a responsive pleading is served; a plaintiff who had never bothered to serve any defendant could avoid altogether the original [90]-day deadline simply by filing an amended complaint when it felt like effecting service. Accordingly, we read "service … upon a defendant within [90] days after the filing of the complaint," Rule 4(m), to refer to filing of the first version of the complaint naming the particular defendant to be served.
>
> *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148-49 (10th Cir. 2006) (cleaned up).

- 4 -

> And, so, considering this record, the undersigned recommends that the Court dismiss this lawsuit without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

Dkt. No. 12 (FCR) at 2.

To be clear, when the FCR was entered, Rule 4(m)'s deadline to serve the six new defendants that Scoles added through the amended complaint had not passed, which is why the undersigned also recommended that the Court dismiss this lawsuit under Rule 41(b) based on Scoles's failure to prosecute. *See* Dkt. No. 12 at 7 ("Scoles's failure to comply with Rule 4(m) and the Court's order as to the service obligations that Scoles undertook by paying the filing fee [Dkt. No. 4] warrants dismissal under Rule 41(b) without prejudice because Scoles has prevented this action from proceeding and has thus failed to prosecute this lawsuit.").

And Scoles's continued failure to prosecute this lawsuit by demonstrating no effort to effect service, even after the Court explicitly notified Scoles of the obligation to do so, supports the Court's denying the motion under Rule 4(c)(3) and the dismissal of this lawsuit under Rule 41(b). *See* Dkt. No. 4 at 1 ("Scoles's paying the statutory filing fee triggered the obligation to (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from each defendant. *See generally* FED. R. CIV. P. 4 (setting forth procedures for serving various types of defendants and regarding waiver of service). And, as to each defendant, Scoles must file with the Court, as applicable, a proof of service in accordance with Rule 4(l) or an executed waiver of service.").

A *pro se* plaintiff may not insulate her claims from required judicial screening

by paying the filing fee and then expect the Court to order the United States Marshal to serve those claims without first expending her own effort to effect service. And, where that plaintiff fails to demonstrate any effort to effect service at all, she fails to prosecute her claims. And, where it is found that lesser sanctions would be futile – and because the Court is not required to delay the disposition of this case until such time as that plaintiff decides to obey the Court's orders or otherwise properly effect service – the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss the lawsuit without prejudice under Rule 41(b).

To be sure, the Court should hold a *pro se* plaintiff's filings to a less stringent standard than papers drafted and filed by an attorney. But the lawsuit remains the *pro se* plaintiff's to prosecute, as she must ultimately prove an entitlement to relief.

### Recommendation

For the reasons set out in the July 5, 2025 findings, conclusions, and recommendation [Dkt. No. 12] as supplemented above, the Court should deny Plaintiff Erin Scoles's motion under Federal Rule of Civil Procedure 4(c)(3) [Dkt. No. 14]; dismiss the claims against the sixteen defendants first named in the complaint [Dkt. No. 3] without prejudice under Federal Rule of Civil Procedure 4(m); and dismiss those claims and the remaining claims (against six defendants added through the amended complaint [Dkt. No. 11]) without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE